THE STATE, Defendant in Error, vs. WEISS, Plaintiff in Error.

1. An indictment under the act concerning groceries and dram-shops, (R. C. 1845,) which charges the defendant with "selling one quart of liquor *to be drank at the place of sale* without a license," is not sustained by proof of selling half a pint without a license, the charge being of an offence as a grocer, and the proof being of an offence as a dram-shop keeper.

*Error to Cole Circuit Court.*

*J. W. Morrow*, for plaintiff in error. The statute makes the selling by the quart and by the pint two distinct offences. (R. C. 1845, § 2, 3.)

*Gardenhire*, (attorney general,) for the State. The indictment charged the sale of a quart of intoxicating liquor and the absence of all license authorizing the sale. The statute prohibits the sale of *any quantity* without a license, and that is the fact essential to the charge. The indictment negatived all licenses of every description, and must be construed as charging the defendant, if he sold a quart, of selling without a grocer's or merchant's license, and every quantity less than a quart, without a dram-shop or tavern license.

RYLAND, Judge, delivered the opinion of the court.

At the August term, 1853, of the Circuit Court for Cole county, the defendant, George F. Weiss, was indicted for a

violation of the statute concerning "Groceries and Dram-Shops." The defendant was convicted on the trial of the indictment at February, term, 1854, and was fined twenty dollars. He moved for a new trial, which being denied, he excepted, filed' his bill of exceptions, and now brings the case before this court by writ of error. The indictment charges that the defendant, Weiss, on the 3d day of June, 1853, at the county of Cole, unlawfully did sell intoxicating liquor and fermented drinks, to-wit : one quart of whisky, one quart of brandy, one quart of wine, one quart of gin, one quart of rum, one quart of ale, one quart of beer, and then and there permitted the same to be drank at the place of sale, to-wit: at the county of Cole aforesaid, without the said Geo. F. Weiss then and' there having a grocer's license, a dram-shop license, a merchant's license, a tavern license, or any other kind of license, continuing in force, authorizing him so to do, contrary, &c. On the trial, it appears from the bill of exceptions that the State offered to prove, in order to sustain the indictment, that the defendant had sold one half pint of beer. To this evidence the defendant objected ; the court overruled the objection, and permitted the State to prove that the defendant had sold within a year before the finding of the indictment, one half pint of beer, and thereupon the jury found the defendant guilty.

The question is, as to the admissibility of this evidence. The charge is, the selling without license one quart of whisky, &c., and permitting the same to be drank at the place of sale. The charge does not consist in the selling alone, but in that, and also in the permitting the same to be drank at the place where it is sold.

This charge is obviously meant to be against the defendant, as a grocer. A grocer is not permitted to sell in any quantity less than a quart ; nor is he permitted to suffer what he sells to be drank at the place of sale. The dram-shop keeper may sell, if he has a license, any quantity under ten gallons, and' he may suffer it to be drank at the place of sale.

State *v.* Weiss.

If there be any difference between the grocer and the dram-shop keeper, this evidence ought not to have been admitted. There is obviously a distinction between the persons designated—a grocer and a dram-shop keeper, in our statute. And, although the defendant is not charged as a grocer, nor as a dram-shop keeper, in so many words in the indictment; yet, the acts charged to have been done by him are those prohibited by law to be done by a grocer.

The offence charged in this indictment consists in selling and in permitting the liquor sold to be drank at the place of sale. The proof showed the defendant to be guilty of a different offence from the one charged, and therefore was improperly admitted. The attorney general likens it to the case where the offence is charged to consist of selling any quantity of liquor without license, and the pleader inserts the larger quantity, and proves the guilt by sale of a less quantity. Were this such a case, doubtless it would be competent to prove the sale of a quantity, either greater or less than the amount charged. But we conceive this is an entirely different case ; here, one offence is charged, and the State seeks a conviction by proving a different offence. It is not subject to the principle that the greater contains the less. But here, the proof shows an offence different from that charged, and for which the defendant is liable to be prosecuted and punished, and the conviction on this indictment would not be a bar to another for the offence made out by the proof in this case.

Whether wisely or not, our statute law makes a difference between the grocer and the dram-shop keeper. The grocer is not permitted to suffer any liquor he may sell, either with or without license, to be drank at the place of sale. The dram-shop keeper may suffer it to be drank at the place of sale ; and indeed, this permission, " to be drank at the place of sale," is now the principal difference between the grocer and the dram-shop keeper. The grocer cannot sell less than a quart ; the dram-shop keeper may sell any quantity less than ten gallons at a time. The one cannot let the liquor be drank, the other may,

at the place of sale. The offence here is the selling and suffering the liquor to be drank at the place of sale, obviously intended to be against the grocer; the proof is against the dram-shop keeper only.

Upon the whole, then, we think the court below erred in suffering the proof to be given to the jury; its judgment is reversed, Judge Scott concurring, he being the only judge with me on the bench at the time this case was argued.

